## JONES et al. v. SLOCUM.

(*Supreme Court, General Term, Third Department.* February 7, 1889.)

VENDOR AND VENDEE—RIGHTS AND REMEDIES.
> The defendant entered into a contract for the purchase of certain real estate which he assigned to the plaintiff, who agreed to assume the obligations undertaken by the defendant. On account of the failure of the plaintiff to perform such obligations, the original grantor obtained a judgment against the defendant for the amount which had become due under the contract. To secure the defendant for the payment by him of such judgment, and also to indemnify him against notes indorsed by him, and executed by the plaintiff, for moneys expended in improving the real estate conveyed, plaintiff reassigned the contract to the defendant. The plaintiff did not pay any of the sums so secured, and judgment was recovered against the defendant on account of such notes. *Held*, that plaintiff might re-

deem on paying the judgments above recited, together with the costs of the several actions, within a specified time, and, failing so to do, his right in the premises would terminate.

Appeal from special term.

Action by Victoria A. Jones and another against William Slocum. The defendant entered into a contract for the purchase of certain real estate, agreeing to pay therefor about $15,000. The defendant was to pay a certain sum every year until the amount due for purchase money was reduced to $10,000, when he was to receive a deed of the land, and was to execute a bond and mortgage for the balance of the purchase money. The defendant was to have possession of the premises at and from the date of the agreement, was to pay all taxes and assessments against the premises, and was to keep the buildings thereon insured. In case the defendant should fail to pay said taxes and insurance, and the grantor should pay the amount thereof, such amount was to be added to the purchase price. The stipulations of the agreement were to be binding on the assigns of the respective parties. Shortly afterwards the defendant assigned all his rights under the contract to the plaintiffs, who entered into possession, and agreed to assume all the obligations undertaken by the defendant. The plaintiffs made default in payments under the contract, and judgment was recovered by the original grantor against the defendant for the amount of the purchase money which had become due, which judgment was paid by defendant. The latter also indorsed certain notes executed by the plaintiffs for money expended in improving the real estate conveyed. To secure the defendant for the payments made by him on the said judgment, and also to indemnify him against the indorsements of the said notes, the plaintiffs assigned to the defendant their interest in the contract for the conveyance of the said real estate, and executed a chattel mortgage to him of the furniture and fixtures on the said premises. The plaintiffs continued in possession of the premises, and collected the greater portion of the rents. The plaintiffs did not pay any of the sums secured by the said agreement, and judgment was recovered against the defendant on account of said notes. The court decreed that although the plaintiffs were in default with reference to the matters covered by the several contracts, that they might redeem on satisfying the judgments recovered against the defendant on account of the said notes, and on paying the amount of the judgment obtained by the original grantor against the defendant, and also the costs of the several actions. If the plaintiffs should fail to make the required payments within the time specified, their right in the premises was to cease, and the premises were to remain the property of the defendant, as if no contract had ever been made. The plaintiffs appeal.

Argued before LEONARD, P. J., and LANDON and INGALLS, JJ.

*John C. Hulbert,* for appellants. *Matthew Hale,* for respondent.

INGALLS, J. We have examined this case, and are convinced that it was correctly decided by the court at special term. The findings of fact are sustained by the evidence, and the conclusions of law are supported by the facts found by the court. The case shows that this action was carefully tried, and deliberately examined and decided by the court. The findings of fact cover the entire case, and we are satisfied that substantial justice has been reached and administered by the court at special term. .It seems needless to undertake a discussion of the facts, after the careful consideration thereof by the trial court. We do not discover that any legal error has intervened which has injuriously affected the plaintiffs or their case. The judgment should be affirmed, with costs. All concur.